PETER DANIELS *et al. versus* CALVIN WILLARD.

A bipartite deed of assignment, by which an insolvent debtor conveyed his property to assignees for the benefit of his creditors, was executed in Rhode Island by the assignor and assignees only, they being all citizens of that State. It was *held,* that such assignment was valid as against a subsequent attachment of the property of the debtor in this Commonwealth, by a Rhode-Island creditor, it being valid as against such attaching creditors in that State.

TROVER to recover the value of a quantity of wood attached and sold by Seneca Hills, a deputy of the defendant, who is the sheriff of this county. Trial before *Shaw* C. J.

It appeared that the wood in question was originally the property of William Muenscher, a citizen of Rhode Island ; that it was attached by Hills on July 13, 1833, at 1 o'clock, A. M., by virtue of a writ issued at the suit of one Lee, and returnable at the September term of the Court of Common Pleas, in this county ; that at 3 o'clock P. M. on the preceding day, Muenscher, being insolvent, by a bipartite deed of assignment, had assigned his property, including the wood in question, which lay in Uxbridge in this Commonwealth, twenty miles from Providence, to the plaintiffs, who were also citizens of Rhode Island, in trust for the benefit of his creditors ; that this assignment was executed at Providence in that State, by the assignor and assignees only ; one of the assignees, who had indorsed notes for the accommodation of the assignor, being a preferred creditor therein ; that the assignment was duly recorded in Providence, on July 12th ; that the assignees despatched an agent to Uxbridge to take possession of the wood ; that on the day after the execution of the assignment, July 13th, between the hours of 10 o'clock and 11 o'clock A. M., the agent saw the wood, and gave notice of the assignment, to the persons whom Hills had put in charge of the wood, and requested them to hold it subject to the order of the assignees ; and that in the latter part of July one of the assignees verbally informed Hills of the assignment, and claimed the wood.

It also appeared, that in pursuance of an agreement made about the middle of the following August, between the plaintiffs and Lee, the attorney of Lee was authorized on or

about the 30th day of the same month, to withdraw the attachment ; that the action was in consequence never entered ; that on the 26th of the same August, Arnold Wilkinson, a citizen of Rhode Island, who had knowledge of the assignment and of the agreement with Lee, sued out a writ of attachment against Muenscher, in this Commonwealth, and delivered it to Hills, who on the same day, by virtue thereof, attached the wood in question, he not having discharged the keepers thereof, and not having known of the arrangement made for the discharge of the first attachment.

It further appeared, that the assignees had received sufficient property by virtue of the assignment, to pay the claims of the preferred creditors, and the expenses of executing the assignment, without including the wood in question ; that on October 9, 1833, before the commencement of this action, one of the plaintiffs demanded the wood of Hills ; and that he refused to deliver it, on account of the attachment made in behalf of Wilkinson.

Some evidence was offered at the trial, to show that Wilkinson had, by his acts, assented to the assignment.

It was proved by the depositions of C. F. Tillinghast, Esq., and Thomas F. Carpenter, Esq., both counsellors at law in Rhode Island, that this assignment would be valid against attaching creditors, in that State. If these facts were sufficient to support the action, the defendant was to be defaulted, and judgment to be rendered for such sum as the plaintiffs should, in the opinion of the Court, be entitled to recover ; otherwise the plaintiffs were to become nonsuit.

*Washburn*, for the plaintiffs, to the point, that the construction and validity of the assignment must be determined by the law of Rhode Island, (in addition to the citations in *Whipple v Thayer, ante, p.* 25,) cited Story on Confl. of Laws, § 380 *et seq.* ; *Ingraham* v. *Geyer*, 13 Mass. R. 146 ; 2 Kent's Comm. 331, 347, 348, 364 ; *Abraham* v. *Plestoro*, 3 Wend. 538 ; *Fox* v. *Adams*, 5 Greenl. 245 ; *Blake* v. *Williams*, 6 Pick. 313 ; *Dawes* v. *Head*, 3 Pick. 128 ; *Davis* v. *Estey*, 8 Pick. 475 ; *Baker* v. *Wheaton*, 5 Mass. R. 511 ; *Blanchard* v. *Russell*, 13 Mass. R. 1 ; *Walsh* v. *Farrand*, 13 Mass. R. 19 ; *Pearsall* v. *Dwight*, 2 Mass. R. 84 ; *Prentiss* v. *Savage*, 13 Mass. R. 23

Daniels
*v.*
Willard.

*Oct 6th.*

Daniels
*v.*
Willard.

Oct. 7th.

*Merrick* and *S. Allen,* for the defendant, cited *Hunter* v *Potts,* 4 T. R. 182 ; *Le Chevalier* v. *Lynch,* 1 Doug. 170.

SHAW C. J. delivered the opinion of the Court. It has been held in several instances recently, that inasmuch as the general ownership of goods remains in the debtor, notwithstanding an attachment of them upon mesne process, a good and valid conveyance of them can be made by the owner, subject to the attachment. But as the temporary possession is with the officer, to preserve the lien, no actual delivery pursuant to the sale, can be made, and of course a symbolical or constructive delivery is sufficient. Notice to the officer, and to the keepers, who are the agents of the officer for the purpose of keeping possession, and an authority to deliver the goods to the vendee, is a good constructive delivery of the goods, and of course when the lien to which they were sub ject, is discharged, the officer is bound to deliver the goods to the assignee on demand, and a refusal to do so, constitutes a conversion. In the present case, the attachment which sub-. sisted at the time of the assignment, was so discharged ; of which the deputy of the defendant had notice. But he refused to deliver the goods, on the ground of the attachment subsequently made, in behalf of Wilkinson. The sole question then is, whether this was a good ground of refusal ; and this depends on the question, whether this property was liable to that attachment, made subsequently to the assignment. Some evidence was offered to show, that Wilkinson had assented to and confirmed this assignment, by his acts, and could not now be admitted to avoid it. But we have not thought it necessary to consider whether this fact is sufficiently proved or not ; it is proved to the satisfaction of the Court, that this assignment of the property, made by the voluntary act of the owner, for a good consideration, though not valid according to the laws of Massachusetts, because not made with the assent of the creditors, is still good and valid according to the laws of the State of Rhode Island ; and on the grounds stated in another case at the present term, (*Whipple* v. *Thayer, ante,* p. 25.) as against the plaintiff, a citizen of that State, the assignment is valid, and the plaintiff cannot by his attachment avoid it.

*Defendant defaulted.*